MEMORANDUM **
Roberto Miranda-Lopez appeals the district court’s denial of his motion for judgment of acquittal on remand following our decision in United States v. Miranda-Lopez, 532 F.3d 1034 (9th Cir.2008). We review the sufficiency of the evidence de novo, United States v. Esquivel-Ortega, 484 F.3d 1221, 1224 (9th Cir.2007), and we affirm.
The district court did not err in concluding that the evidence was sufficient to support a jury finding that Miranda-Lopez knew the identification card he used belonged to another person. The card, stipulated to be genuine, contained a photograph and fingerprint of another individual, there was no evidence that the card looked doctored or fake, and a Customs and Border Protection Officer testified that the card looked genuine. As the district court held, a rational jury could reasonably conclude from this evidence that Miranda-Lopez knew the identification card he used to enter the United States belonged to a real person other than himself. In particular, the jury could have relied on the inference that there would have been little point in using a counterfeit identification not in Miranda-Lopez’s name. Compare Flores-Figueroa v. United States, - U.S. -, 129 S.Ct. 1886, 173 L.Ed.2d 853 (2009) (adopting the same construction of the statute adopted in our prior opinion, in a case in which the identification used was counterfeit and in the defendant’s real name, but used numbers *676 assigned to other persons). The evidence was therefore sufficient to support the conviction under 18 U.S.C. § 1028A(a)(l).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.